IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY JO RHINE, #38612-177 § | | |
| Petitioner/Movant, § | | |
| § | | |
| v. § | | 3:10-CV-2194-M-BK |
| § | | (3:09-CR-133-M(01)) |
| UNITED STATES OF AMERICA, § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and Special Order 3, this case was automatically referred for findings, conclusions, and recommendation. Petitioner, a federal prisoner incarcerated within the Bureau of Prisons, filed a *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. The Government filed a response and Petitioner filed a reply. For the reasons stated below, it is recommended that the District Court deny the section 2255 motion.

**I. BACKGROUND**

Petitioner pled guilty, without a plea agreement, to two counts of theft of stolen mail, and was sentenced to 51 months' imprisonment and a two-year term of supervised release on each count, to run concurrently. *See United States v. Rhine*, No. 3:09-CR-133-M(01) (N.D. Tex. 2009). The Court of Appeals for the Fifth Circuit affirmed her conviction and sentence on direct appeal. *See United States v. Rhine*, No. 09-11234, 396 Fed. Appx. 59 (5th Cir. Sep. 20, 2010) (unpublished *per curiam*). Thereafter, Petitioner filed this timely section 2255 motion, asserting

various claims of ineffective assistance of counsel during the guilty plea, sentencing, and direct appeal proceedings.

## II. ANALYSIS

Following conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under 28 U.S.C. § 2255, a petitioner can collaterally challenge her conviction only on constitutional or jurisdictional grounds.

A.  **Ineffective Assistance of Counsel During Guilty Plea Proceedings**

To establish ineffective assistance of counsel, a petitioner must show both deficient performance by counsel and prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This requires the petitioner to establish (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 687-694. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697.

In the context of a guilty plea, "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore,* 131 S.Ct. 733, 741 (2011). "[H]abeas courts must respect their limited role in determining whether there was manifest deficiency in light of information then available to counsel." *Id.* This is particularly important in the case of an early plea, where neither side may know with certainty the course the case may take. *Id.* at 742.

In addition to deficient performance, the petitioner must show prejudice – "whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). The petitioner bears the burden of demonstrating that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* "[H]indsight cannot suffice for relief when counsel's choices were reasonable and legitimate based on predictions of how the trial would proceed." *Premo,* 131 S.Ct. at 745.

1. <u>Voluntariness of Guilty Plea</u>

Petitioner's seeks to undermine the voluntariness of her guilty plea by alleging ineffective assistance of counsel. She challenges defense counsel's tactic of recommending that she plead guilty without a plea agreement in order to show acceptance of responsibility and secure a reduction of two-offense levels, while reserving the right to challenge the intended loss amount at sentencing. (Doc. 2 at 5; Doc. 7 at 4.) Petitioner claims that challenging the intended loss amount was "the sole reason why [she] opted to plead guilty to two counts." (Doc. 7 at 4.) She argues, however, that had she "realized that McLarty [defense counsel] had no intention of performing his duties of presenting a[n] effective defense, she'd never have plead[ed] guilty to the charges without being able to have the oppritunity [sic] to have the intended loss amount properly adjudicated." (*Id.*)

Petitioner's guilty plea was knowing and voluntary. Petitioner's statements under oath at the re-arraignment hearing refute the assertions in her section 2255 motion, memorandum in support, and reply. The record reflects Petitioner was competent and understood the proceedings against her. Re-arraignment Tr. at 3, 11-12. Although Petitioner waived the reading of the

indictment, the prosecutor summarized the essential elements of the offense into the record. Re-arraignment Tr. at 11. Petitioner confirmed that she understood the offense and its essential elements. *Id.* at 11-12. Petitioner also confirmed the accuracy of the factual resume, which she had previously signed, and the facts contained therein. *Id.* at 16-17. In pertinent part, the factual resume stated that Petitioner had committed each of the elements for the offense of theft of stolen mail. Factual Resume at 2-5.

In addition, throughout the re-arraignment hearing, Petitioner assured the court that her plea was voluntary. She confirmed that she wished to proceed with a guilty plea and forfeit her right to a jury trial. *See* Re-arraignment Tr. at 5-8. With respect to defense counsel, Petitioner informed the Court that she was satisfied with the advice and representation she had received from defense counsel. *Id.* at 12. "Ordinarily a defendant will not be heard to refute his testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.'" *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998) (quoting *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)).

In light of Petitioner's statements at re-arraignment, the undersigned concludes, as did the District Judge, that Petitioner's guilty plea was knowing and voluntary. In addition, as set out more fully below, Petitioner cannot establish that her counsel's performance during the plea proceedings was deficient, and that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on a jury trial. Therefore, Petitioner's claims of ineffective assistance of counsel lack merit and should be denied.

### 2. Failure to Investigate and Present Mitigating Evidence

Petitioner asserts counsel neither requested a psychiatric evaluation nor investigated "mitigating circumstances," namely her mental state at the time of the offense. (Doc. 2 at 4-5; Doc. 7 at 2-3.) She argues that an expert psychiatrist could have evaluated her "paranoia, delusional thoughts, and memory lapses," and could have established that "at the time of the offense [Petitioner] was mentally incompetent, and had no recollections [sic] of the event[s] of April 15, 2009." (Doc. 7 at 3.)

The stipulated facts section of the Factual Resume controverts Petitioner's assertion that she was mentally incompetent at the time of the offense. Specifically, in conjunction with her guilty plea, Petitioner conceded possessing mail and articles stolen from the mail, and knowing that they were stolen from the mail. (Factual Resume at 2-5.) Petitioner also admitted having "specific intent to possess" the stolen mail and articles. (*Id.*)

Likewise, Petitioner's statements to the District Judge during sentencing confirm she knew what she was doing at the time of the offense. (Sentencing Tr. at 28-29.) She informed the Court that she knew "right from wrong" at the time of the offense, and committed the offense "out of necessity" – as stated in her letter to the District Judge before sentencing – to obtain the $15,000 needed to hire an attorney to defend a suit to terminate her parental rights.[1] (*Id.* at 25, 29.) In light of the above, defense counsel did not render deficient representation in failing to investigate Petitioner's mental state at the time of the offense.

---

[1] Earlier this year, Petitioner unsuccessfully litigated a civil rights action stemming from the November 2006 termination of her parental rights. *See Rhine v. Deaton, et al.*, 3:11-CV-0698-O (BK) (N.D. Tex. 2011).

In addition, contrary to Petitioner's assertions, counsel did not "leave [Petitioner's] mental illness and drug usage out of the proceedings altogether." (Doc. 7 at 3.) The Presentence Report (PSR) summarized in detail Petitioner's mental history, including her hospitalization and diagnoses. (PSR ¶¶ 59-61.) At defense counsel's urging, the Court considered this information during sentencing and ordered that Petitioner participate in mental health treatment while incarcerated. (Sentencing Tr. at 27-28, 34-37.)

3. <u>Failure to "dispute the second indictment"and File Motion for Examining Trial</u>

Relying on *United States v. Lindsay*, 552 F.2d 263 (8th Cir. 1977) (which held it improper to sentence a defendant for <u>both theft and possession</u> of the <u>same</u> piece of mail), Petitioner asserts counsel should have challenged the second count of the indictment, which she mistakenly refers to as the "second indictment." (Doc. 2 at 5.) As the government correctly notes, however, Petitioner was indicted on two counts of <u>possessing</u> stolen mail – each count relating to a <u>different</u> article of mail. (Indictment at 1-2.) Clearly defense counsel was not required to raise a frivolous objection. *See United States v. Preston,* 209 F.3d 783, 785 (5th Cir. 2000) (citing *Green v. Johnson,* 160 F.3d 1029, 1037 (5th Cir. 1998) ("failure to make a frivolous objection does not cause counsel's performance to fall below an objective level of reasonableness").

The same holds true with respect to counsel's failure to file a motion for an examining trial, which Petitioner claims would have permitted her to review "the evidence against her" since "tanigible [sic], physical evidence was never presented in court." (Doc. 2 at 5.) An examining trial is a state procedure. *See, e.g.*, Vernon's Ann. Texas C.C.P. Art. 16.01 ("The accused in any felony case shall have the right to an examining trial before indictment in the

county having jurisdiction of the offense."). The analogous procedure in the federal system is the preliminary hearing, which like an examining trial, is not required after an indictment has been returned. *See* FED. R. CRIM. P. 5.1 ("If a defendant is charged with an offense other than a petty offense, a magistrate judge must conduct a preliminary hearing unless . . . the defendant waives the hearing . . . [or] the defendant is indicted"). A preliminary hearing was held in Petitioner's case four days after her arrest on a criminal complaint, at which time the government presented evidence, including the testimony of the postal inspector.[2] (Docs. 8-9.)

In summary, Petitioner's claims of ineffective assistance of counsel during the guilty plea proceedings have no merit.

**B.    Ineffective Assistance of Counsel at Sentencing**

The Court analyzes Petitioner's claims of ineffective assistance of counsel at sentencing under the familiar *Strickland* standard. To establish prejudice, however, the petitioner must demonstrate that the sentence was increased by the deficient performance of defense counsel. *Glover v. United States,* 531 U.S. 198, 200, 203-04 (2001).

1. Failure to Challenge the Intended Loss Amount

Throughout her pleadings, Petitioner asserts defense counsel failed to adequately challenge the intended loss amount. (Doc. 2 at 5-6; Doc. 6 at 7-8.) She claims she was entitled to "a trial of general issue[s] concerning the intended loss amount." (Doc. 7 at 4.) She also argues counsel should have called "banking professionals" to testify "concerning how much money [she] could have realistically hoped to have gained." (Doc. 2 at 6.) In addition, she

---

[2] The preliminary hearing was held concurrently with the detention hearing. (Doc. 8.)

asserts counsel should have objected to the perjured testimony of the postal inspector and the government's hearsay evidence of the intended loss amount. (Doc. 7 at 5.)

Petitioner's assertions are conclusory at best. Defense counsel skillfully and successfully challenged the intended loss amount at sentencing. He ably tested the postal inspector's testimony through cross examination (Sentencing Tr. at 18-21, 22-24), and was not required to make meritless objections to hearsay evidence. *See United States v. Fields*, 483 F.3d 313, 332 (5th Cir. 2007) (citing a laundry list of cases for the principle testimonial hearsay is permitted at noncapital sentencing). Moreover, in defense counsel's Objections to the PSR and the Sentencing Memorandum, he argued the Court should not use the maximum credit card limits to determine the intended loss amount, and should consider instead a downward departure because of the huge disparity between the actual loss and the unreasonably inflated intended loss amount. (Objections to PSR at 1-4.)[3]

Ultimately, the District Court agreed to impose a downward variance, concluding "the application of the guideline . . . yields an excessive sentence when one calculates that the defendant actually stole 400 plus dollars, and the intended loss of in excess of $200,000 is ratcheting up the sentence by 12 levels." (Sentencing Tr. at 33.) Because counsel successfully challenged the intended loss amount and obtained a downward variance, Petitioner cannot show deficient performance.

---

[3] Although defense counsel's sentencing memorandum was not filed in the criminal case, the District Court reviewed it before sentencing. (Sentencing Tr. at 6.) In addition, the government's response to the section 2255 motion includes a direct quotation from the sentencing memorandum. (Doc. 6 at 10.)

2. Counsel's Failure to Reduce Restitution Amount by Value of Seized Merchandise

Next, Petitioner asserts counsel should have requested that the restitution amount of $415.05 be offset by the value of merchandise seized from her car at the time of arrest (worth about $230.00), as the seized merchandise had been purchased from Lowe's using, in part, a check stolen from the mail. (Doc. 2 at 5; Doc. 6 at 7.) However, as the government correctly points out, a defendant is not entitled to have the restitution obligation reduced by property confiscated by the government. *United States v. Taylor*, 582 F.3d 558, 567-68 (5th Cir. 2009). Petitioner's reliance on *United States v. Holley*, 23 F.3d 902 (5th Cir. 1994), which involved the valuation of real property for restitution purposes, is mistaken. Clearly, defense counsel was not required to raise a meritless objection. *Preston,* 209 F.3d at 785.

3. Counsel's Failure to Challenge the Two-Point Enhancement

Petitioner also asserts counsel failed to object to the two-point enhancement imposed because she stole checks with a victim's name on them and then obtained a driver's license with the victim's name and Petitioner's photograph on it. (Doc. 2 at 6; Doc. 7 at 6.) Even if counsel had timely objected during sentencing, Petitioner would not have received a lower sentence. In reviewing for plain-error, the United States Court of Appeals for the Fifth Circuit concluded "there was no error in the application of the enhancement because [Petitioner] unlawfully used one means of identification, the information on the victim's checks, to obtain another means of identification, the false driver's license." *United States v. Rhine*, 2010 WL 3736224, at *1 (5th Cir. 2010) (emphasis added). Therefore, Petitioner cannot show prejudice as a result of counsel's alleged deficient performance at sentencing.

### 4. Counsel's Failure to Discuss Sentencing Issues

Lastly, Petitioner complains counsel failed to discuss with her various sentencing issues, including downward departure, variance, mitigating evidence, and tactical choices with respect to the PSR. (Doc. 2 at 5; Doc. 7 at 6.) Again, her allegations are conclusory and, as such, fail to present a cognizable ground for habeas relief under section 2255. Conclusory allegations, whether made by a *pro se* litigant or by counsel, are clearly insufficient to raise cognizable claims of ineffective assistance of counsel. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)); *United States v. Jones*, 614 F.2d 80, 81 (5th Cir. 1980) (conclusory statements regarding government conspiracy were insufficient to state a constitutional claim in a section 2255 proceeding); *United States v. Daniels*, 12 F.Supp.2d 568, 575 (N.D. Tex. 1998) (citing *Ross*) (conclusory allegations cannot serve as the basis for a claim of ineffective assistance of counsel).

In summary, Petitioner's claims of ineffective assistance of counsel at sentencing fail.

**C.**     **Ineffective Assistance of Counsel on Appeal**

Petitioner challenges counsel's failure to raise on appeal the intended loss amount, which she reiterates was her only reason for pleading guilty. (Doc. 2 at 6.) Appellate counsel, however, is not required to raise every nonfrivolous issue on appeal, "but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). Indeed, it is counsel's professional duty to choose among potential issues, according to his judgment as to their merit and his tactical approach. *Jones v. Barnes*, 463 U.S. 745, 752 (1983).

Appellate counsel was not deficient in failing to raise on appeal the intended loss amount. As noted above, the District Court departed downward from the guideline range at sentencing, holding Petitioner accountable for a lower intended loss amount than either probation or the government had calculated. Therefore, Petitioner's claim of ineffective assistance of counsel on appeal fails.

## D.  Procedural Default

In her memorandum in support, Petitioner raises several instances of alleged prosecutorial misconduct, namely, sponsoring the perjured testimony of Postal Inspector Tony Reed at the detention hearing and at sentencing, and the prosecutor's statement that Petitioner "had been committing crimes for the past 14 years continuously." (Doc. 2 at 7.) In addition, throughout her pleadings, Petitioner challenges her sentence because it is much higher than the sentence of other defendants with similar criminal histories and offenses. (*Id.* at 6, 8; Doc. 7 at 7.) The government argues the above claims are procedurally defaulted because Petitioner failed to object to them in the district court or raise them on direct appeal. (Doc. 6 at 13-14.)

Having failed to raise the above claims in the trial court or on direct appeal, The Court agrees the claims are procedurally defaulted, absent a showing of cause and prejudice. *See United States v. Logan*, 135 F.3d 353, 355 (5th Cir. 1998) (citing *United States v. Frady*, 456 U.S. 152, 168 (1982)). In her reply, Petitioner asserts for the first time that counsel rendered ineffective assistance in failing to object to the above issues at sentencing. (Doc. 7 at 8-9.) Her contention, however, is conclusory and Petitioner cannot establish deficient performance and prejudice. As noted above, counsel rendered competent and able assistance at sentencing in

challenging the intended loss amount and securing a downward departure. Therefore, Petitioner claims are procedurally defaulted.

### E.      Condition of Confinement Claims

Lastly, Petitioner alleges counsel failed to remove her from the Mansfield Correctional Facility, where she was confined during her pretrial detention, despite two attacks by correctional officers. (Doc. 2 at 5; Doc. 7 at 8.) Even assuming the veracity of Petitioner's allegations regarding the incidents and defense counsel's knowledge of the same, Petitioner's claim is not cognizable under section 2255. *See Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994) (attacks on conditions of confinement are not cognizable in habeas corpus proceeding). In addition, her allegations are duplicative of claims she raises in a civil rights complaint filed earlier this year. *See Rhine v. City of Mansfield, et al.*, 4:11-0076-Y (N.D. Tex., Fort Div., Feb. 7, 2011) (pending before District Judge Terry R. Means).

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that Petitioner's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (Doc. 1) be **DENIED**.

SIGNED July 27, 2011.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND
# NOTICE OF RIGHT TO APPEAL/OBJECT

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

 

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE